# In the United States Court of Federal Claims

No. 20-133C
(Filed: July 10, 2020)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RICARDO LOPEZ,

       *Plaintiff*,

v.

THE UNITED STATES,

       *Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

      Plaintiff filed his complaint on February 3, 2020. Although not easy to follow, it states that it is an action under the Federal Torts Claims Act ("FTCA"). Mr. Lopez alleges generally that the Social Security Administration ("SSA") has improperly withheld benefits from him and that his access to the federal courts has been hindered. Attached to the complaint is a decision dismissing a similar lawsuit in federal district court and an affirmance of that dismissal by the Court of Appeals for the District of Columbia. Although providing scant further detail, it is apparent that plaintiff alleges that the SSA's and the courts' actions have damaged him, and he thus seeks a million dollars in damages. Defendant timely moved to dismiss for lack of jurisdiction because the complaint sounds in tort. Plaintiff has not responded. We need not wait for a response, however, because it is plain on the face of the complaint that we must dismiss it for lack of jurisdiction.

      We must satisfy ourselves of jurisdiction first and, if it is lacking, dismiss the case *sua sponte*. *See* RCFC 12(h)(3). This court has jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*." 28 U.S.C. § 1491(a)(1)

(2012) (emphasis supplied).  Put simply, the Tucker Act, as the statute quoted above is known, establishes jurisdiction in this court to hear cases seeking money from the United States that are not tort claims.  Plaintiff must identify some substantive source of law, regulation, or contract that mandates he be paid money by the United States.  *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).  Additionally, as shown below, certain statutes specifically provide for jurisdiction to enforce them elsewhere.

Plaintiff has not identified any Constitutional provision, statute, or regulation that directs the federal government to pay him money, nor has he otherwise asserted the existence of a contract with the federal government.  Plaintiff attempts to satisfy the jurisdictional requirements of this court by citing 28 U.S.C. § 1346( a), known as the "Little Tucker Act," which covers claims arising from taxes wrongly collected under the internal revenue code and money claims of $10,000 or less, neither of which apply here.  Moreover, the Little Tucker Act, like its namesake cited above, excludes tort actions from the jurisdiction of this court.  *Id.* § (a)(2) ("in cases not sounding in tort").  The FTCA itself instructs that claims brought pursuant to it be filed only in district court. *Id.* § (b)(1)

The complaint further mentions, without explanation, 28 § U.S.C. 2680(h), which similarly does not provide for jurisdiction in this court. The complaint also mentions discrimination under 42 U.S.C. § 1983 (2012), but this court does possess jurisdiction over such claims.  *Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981).  Finally, the Social Security Act provides that appeals of benefits decisions should be made in District court and specifically excludes using 28 U.S.C. § 1346 to establish jurisdiction over these claims. 42 U.S.C. § 405(g)-(h) (2012). This court thus lacks jurisdiction over Social Security benefits decisions.

Because plaintiff has failed to show that the court has jurisdiction over his claims, his complaint must be dismissed. Accordingly, the following is ordered:

1. For good cause shown, plaintiffs' motion to proceed *in forma pauperis* is granted.

2. Defendant's motion to dismiss is denied as moot.

3. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly.

No costs.

s/ Eric G. Bruggink<br>
ERIC G. BRUIGGINK<br>
Senior Judge